IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REGINALD DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:15CV618 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Reginald Dunn, brought this action to obtain review of a final decision of the Commissioner of Social Security denying his claim for social security disability benefits. The Court has before it the certified administrative record and cross-motions for judgment. (Docket Entries 8, 11, 15.) For the reasons set forth herein, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings (Docket Entry 11) be granted, Defendant's Motion for Judgment on the Pleadings (Docket Entry 15) be denied, and that this matter be remanded to the Commissioner.

## I. PROCEDURAL HISTORY

On March 27, 2012, Plaintiff filed a Title XVI application for supplemental security income and a Title XIX application for medical assistance, alleging disability since February, 1, 2010.[1] (Tr. 142-47.) His claim was denied initially and upon reconsideration. (Tr. 47-57,

---

[1] The issues before the Court concern Plaintiff's Title XVI application.

59-72.) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ) on October 19, 2012. (Tr. 97-104.) A hearing was held on November 25, 2013. (Tr. 22-46.) Plaintiff, his attorney, a vocational expert, and a witness for Plaintiff were present. (*Id.* at 23.) After the hearing, the ALJ rendered an unfavorable decision. (Tr. 8-21.) Subsequently, Plaintiff filed a request for review on his claim. (Tr. 6-7.) The Appeals Council denied his request on May 29, 2015. (Tr. 1-4.) The Appeals Council's denial rendered the ALJ's decision the final administrative action of the Commissioner in Plaintiff's case.

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that he is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Id.*

## III. THE ALJ'S DISCUSSION

The ALJ followed the well-established five-step sequential analysis to ascertain whether the claimant is disabled, which is set forth in 20 C.F.R § 416.920. *See Albright v. Comm'r of Soc.*

2

*Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 27, 2012. (Tr. 13.) At step two, the ALJ found that Plaintiff had a combination of severe impairments including diabetes mellitus, hypertension, vision loss, history of substance abuse, depression, and history of atrial fibrillation. (*Id.*) At step three, the ALJ found that Plaintiff had no impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1. (Tr. 13-15.) The ALJ then determined that Plaintiff retained the RFC

> to perform light work as defined in 20 C.F.R. 416.967(b) except the claimant can occasionally climb. The claimant must not work around hazards. The claimant is limited to simple, repetitive, and routine tasks. The claimant is limited to occasional interaction with others.

(Tr. 15.)[2] At step four, the ALJ determined that Plaintiff was unable to perform past relevant work as a kitchen helper or a construction worker. (Tr. 20.) At step five, the ALJ determined that there were jobs, such as marker, router, and mail clerk, which Plaintiff could perform consistent with his RFC, age, education, and work experience. (Tr. 21.)

---

[2] 20 C.F.R. § 416.967(b) defines light work as

> work involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

3

## IV. ANALYSIS

Plaintiff makes three arguments. First, he asserts that the ALJ failed to account for Plaintiff's visual limitations in his RFC. (Docket Entry 12 at 4-7.) Second, Plaintiff contends that the ALJ violated *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), by failing to account for Plaintiff's moderate limitations in concentration, persistence, or pace in his RFC. (*Id.* at 7-8.) Finally, he asserts that the ALJ failed to consider and weigh the job assessment by Vocational Rehabilitation ("VR"). (*Id.* at 8-9.) For the reasons stated below, the Court recommends remand based upon Plaintiff's *Mascio* argument.

### A. The ALJ violated *Mascio* by failing to account for Plaintiff's moderate limitations in concentration, persistence, or pace in his RFC.

Plaintiff contends that the ALJ erred by failing to incorporate in his RFC the moderate limitations in concentration, persistence, or pace that were found at step three of the SEP. (*Id.* at 7-8.) To the contrary, Defendant contends that the ALJ accounted for Plaintiff's moderate limitations in concentration, persistence, or pace by including numerous limitations in the RFC finding. (Docket Entry 16 at 12-16.) For the following reasons, the Court agrees with Plaintiff that the ALJ failed to account for Plaintiff's moderate limitations in concentration, persistence, or pace.

"At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments." *Hodge v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-14-3619, 2015 WL 5813999, at *1 (D. Md. Sept. 29, 2015) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00)). Each listing "consists of: (1) a brief statement

4

describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,' which consists of a set of impairment-related functional limitations." *Id.* (citing 20 C.F.R. Part 404, Subpt. P, App. 1. § 12.00(A)). Both the paragraph A criteria and the paragraph B criteria must be satisfied for the ALJ to determine that the claimant meets the listed impairment. *Id.*

"Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation." *Id.* The ALJ uses a "special technique" to determine the claimant's degree of limitation in each area, "based on the extent to which the claimant's impairment 'interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis.'" *Id.* (citing 20 C.F.R. § 404.1520a(c)(2)). The ALJ rates a claimant's degree of limitation in the first three areas as either: none, mild, moderate, marked, or extreme. 20 C.F.R. §§ 404.1520a(c)(4) and 416.920a(c)(4). "In order to satisfy paragraph B, a claimant must exhibit either marked limitations in two of the first three areas, or marked limitation in one of the first three areas with repeated episodes of decompensation." *Hodge*, 2015 WL 5813999, at *2 (citations and quotations omitted). "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C).

Pertinent to the issues in the present case, "[c]oncentration, persistence, or pace refers

5

Case 1:15-cv-00618-LCB-JLW   Document 17   Filed 06/27/16   Page 5 of 12

to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). In *Mascio v. Colvin,* the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d 632, 638 (4th Cir. 2015) (internal citations and quotations omitted). *Mascio* further explained that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit in *Mascio* noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate limitations in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, absent the explanation, remand was necessary. *Id.*

Here, the ALJ concluded that Plaintiff suffered from moderate limitations in concentration, persistence, or pace. (Tr. 14.) In an attempt to account for these limitations, the ALJ limited Plaintiff to "simple, repetitive, and routine task" and "occasional interaction with others." (Tr. 15.) The ALJ's hypothetical to the Vocational Expert ("VE") included these limitations, and the VE concluded that an individual with these limitations could perform work as a marker, router, or mail clerk. (Tr. 44.) The ALJ adopted these findings at step five. (Tr. 21.) Nonetheless, these limitations did not account for Plaintiff's moderate limitations in concentration, persistence, or pace.

The Commissioner contends that the restrictions placed on Plaintiff, including "limiting all Plaintiff's work-related activities to simple, repetitive, and routine tasks, with only

6

occasional interaction with others," accounts for Plaintiff's limitations in concentration, persistence, and pace. (Docket Entry 16 at 13). Since the ruling in *Mascio*, district courts in North Carolina have, on several occasions, considered whether the additional requirements similar to the ones imposed by the ALJ here are sufficient to account for Plaintiff's moderate limitations in concentration, persistence, or pace. The majority of the courts, including this Court, have found that they do not. *See Rothrock v. Colvin*, No. 1:13CV497, 2016 WL 1175189, at *10-11 (M.D.N.C. Mar. 23, 2016) (holding that a limitation to "simple, routine, repetitive tasks "SRRTs" in an environment that required only occasional interaction with supervisors" did not sufficiently address the claimant's limitations in concentration, persistence, or pace); *see also Biddell v. Colvin*, No. 1:15-cv-00080-MOC, 2016 WL 815300, at *5-6 (W.D.N.C. Feb. 29, 2016) (finding that the RFC limiting the plaintiff "to simple, routine, repetitive tasks involving only one to three step instructions, a non-production pace, occasional contact with the public, no intense interaction with supervisors and coworkers, in a setting with no confrontation or brainstorming and dealing with things and not people" did not account for moderate limitations in concentration, persistence, and pace); *Weeks v. Colvin*, No. 5:14-CV-155-D, 2015 WL 5242927, at *2 (E.D.N.C. Sep. 8, 2015) (holding that a limitation to simple, routine, repetitive tasks with only occasional contact with the public and occasional workplace changes only accounted for the claimant's limitation in concentration and persistence, but not in pace); *Hagerdorn v. Colvin*, No. 2:12CV85-RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015) (holding that a limitation to simple, routine, repetitive task with occasional change in job setting or decision making only accounted for the claimant's ability to understand, carry

7

out, and remember instructions, respond appropriately to work situations, and deal with changes in a routine work setting, but those mental limitations were not the same as the limitations in concentration).

Here, as found in the cases noted above, limiting Plaintiff to simple, routine, repetitive tasks, without explanation, is not sufficient to address concentration, persistence, or pace as required by *Mascio*. *Rothrock*, 2016 WL 1175189, at *11-12. Although the RFC's restrictions account for some of Plaintiff's mental limitations under Social Security Ruling 96-8p, *available at* 1996 WL 374184 at *6, the ALJ did not account for Plaintiff's limitations in concentration, persistence, or pace. "Simply accounting for some mental limitations does not satisfy review, especially where the ALJ explicitly noted a moderate difficulty and then failed to account for it." *Hagedorn*, 2015 WL 4410288, at *4.

Plaintiff correctly notes that the ALJ did not explain why Plaintiff's limitations in concentration, persistence, or pace at step three did not translate into a limitation in Plaintiff's RFC. (Docket Entry 12 at 8.) The Fourth Circuit held that:

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's [RFC]. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]. But because the ALJ here gave no explanation, a remand is in order.

*Mascio*, 780 F.3d at 638 (internal citations omitted). In *Mascio*, the court was particularly concerned with the ALJ's failure to discuss the claimant's ability to perform the relevant work-related functions for a full workday. *Id.* at 637-38. The court was left "to guess about how

8

the ALJ arrived at his conclusions [regarding the claimant's] ability to perform relevant functions." *Id.* at 637.

The Commissioner correctly pointed out that Plaintiff's case is distinguishable from *Mascio* in one aspect; in *Mascio*, the RFC restricted him to only unskilled work; whereas here, Plaintiff's RFC included additional limitations. (Docket Entry 16 at 14; Tr. 15.) Nevertheless, as in *Mascio*, the ALJ here failed to explain why the moderate limitations in concentration, persistence, or pace found in step three were not accounted for in Plaintiff's RFC. Despite medical evidence indicating that Plaintiff's attention and concentration were normal and that Plaintiff had the ability to stay on task, the ALJ found that Plaintiff has moderate limitations in concentration, persistence, or pace at step three (Tr. 14).[3] In addition, the ALJ did not provide any explanation as to why limiting Plaintiff to simple, repetitive, routine tasks accounted for the ALJ's findings that Plaintiff had moderate limitations in concentration, persistence, or pace. *See, e.g., Greer v. Colvin*, No. 1:14CV00143, 2016 WL 1367745, at *8 (M.D.N.C. Apr. 6, 2016) (holding that remand was warranted because the ALJ failed to provide a logical bridge between the conclusion that the claimant had the ability to perform simple tasks without any further restrictions and the ALJ findings that the claimant had moderate limitations in concentration, persistence, or pace at step three); *Pulliam v. Colvin*, No. 1:13CV176, 2016 WL 843307, at *5-6 (M.D.N.C. Mar. 1, 2016) (holding that remand was warranted because the ALJ did not explain the discrepancy between the conclusion that the

---

[3] A Vocational Rehabilitation report noted that Plaintiff "remain[ed] on task during the day." (Tr. 280.) In January 2012 and August 2013, medical reports from Leslie Montana, M.D., the treating physician, noted that Plaintiff's attention and concentration were normal. (Tr. 646, 705.)

9

claimant could "maintain focus throughout the workday" and the medical opinion indicating that the claimant had "difficulty performing tasks requiring concentration and focus"). *Cf. Able v. Colvin*, No. 1:14CV1078, 2016 WL 1229086, at *6 (M.D.N.C. Mar. 28, 2016) (holding that the ALJ provided a logical bridge "between the record evidence and [the ALJ's] conclusion that Plaintiff [could] perform simple tasks, notwithstanding moderate limitation in concentration, persistence, or pace"). Moreover, despite finding that Plaintiff's concentration and attention was normal, the Court is left to guess that the ALJ's findings of moderate limitations in concentration, persistence, or pace is based solely on Plaintiff's depressed mood.[4] Furthermore, the ALJ noted that Plaintiff's treating physician, Leslie Montana M.D., found that Plaintiff's concentration and attention were normal; however, the ALJ failed to explain the weight given to Dr. Montana's opinion. (Tr. 18-19.)[5] Additionally, the ALJ "g[ave] the claimant the benefit of the doubt, . . . limit[ing] [Plaintiff] to simple task, finding moderate restrictions for concentration, persistence, or pace." (Tr. 19.) The ALJ failed to reconcile his findings of moderate limitations in concentration, persistence, or pace and Dr. Montana's findings that Plaintiff's concentration and attention were normal. Based on the issues discussed above, the Court finds it difficult to determine if the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, or pace. Therefore, the Court

---

[4] The ALJ found that Plaintiff has "a normal mental status except for a depressed mood." (Tr. 14.) In January 2012, Dr. Montana indicated that Plaintiff suffers from suicidal thoughts and a depressed mood. (Tr. 646.) Plaintiff continues to suffer from a depressed mood in his 2013 assessment. (Tr. 638.) Ultimately, the ALJ found that Plaintiff has moderate limitations in concentration, persistence, or pace based on Plaintiff's mental status. (Tr. 14.)

[5] The ALJ is required to use the factors outlined in 20 C.F.R 404.1527(c)(1)-(6) to evaluate the consultative opinions, then explicitly indicate and explain the weight given to each opinion. *Marshall v. Colvin*, No. 1:14CV542, 2015 WL 5970435, at *4 (M.D.N.C. Oct. 14, 2015).

concludes that remand is warranted.

In sum, "once an ALJ has made a step three finding that a claimant suffers from moderate limitations in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Pulliam*, 2016 WL 843307, at *6 (citation omitted). In the present case, the ALJ did neither. On remand, the Commissioner should conduct a proper analysis of Plaintiff's limitations in concentration, persistence, or pace in light of the principles articulated in *Mascio*. The Court expresses no opinion regarding whether Plaintiff is ultimately disabled under the Act and the Court declines consideration of the additional issues raised by Plaintiff at this time. *Hancock v. Barnhart*, 206 F. Supp. 2d at 763-764 n.3 (W.D. Va. 2002) (on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*).

## V. CONCLUSION

For the reasons stated herein, this Court **RECOMMENDS** that the Commissioner's decision finding no disability be **REVERSED**, and the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further administrative action as set out above. To this extent, Defendant's Motion for Judgment on the Pleadings (Docket Entry 15) should be **DENIED** and Plaintiff's Motion for Judgment Reversing the Commission (Docket Entry 11) should be **GRANTED**. To the extent that Plaintiff's motion seeks an immediate award of benefits, his motion should be **DENIED**.

11

_____
Joe L. Webster
United States Magistrate Judge

June 27, 2016
Durham, North Carolina

12